**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

MARIO WILLIAMS, )
)
            Plaintiff, )
)
      v. ) No. CIV-06-201-S
)
LENORA JORDAN,et. al., )
)
           Defendants. )

## <u>ORDER</u>

    Plaintiff, Mario Williams, an inmate in the custody of the Oklahoma Department of Corrections and housed at the Oklahoma State Penitentiary, appearing pro se, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983.

    On May 24, 2006, plaintiff filed his complaint alleging numerous civil rights violations. Plaintiff brings this action alleging that defendants at the Oklahoma State Penitentiary and the Oklahoma State Reformatory where he was formally incarcerated violated his constitutional rights. Plaintiff alleges defendants violated his Sixth and Fourteenth Amendment rights by placing him in segregation, putting him on the same unit with staff whom he had filed a complaint against, failing to notify plaintiff of being reclassified to maximum security level, falsely giving plaintiff a misconduct, refusing to answer requests to staff, denying plaintiff his property, denying plaintiff privileges and obstructing plaintiff's access to the courts. In his request for relief, plaintiff seeks damages, release from short and long-term segregation and reimbursement for his filing fee and court costs.

1

The court finds the facts as follows. At all relevant times, plaintiff was an inmate within the Department of Correction's custody and housed at either the Oklahoma State Reformatory or the Oklahoma State Penitentiary. From October 2005 through November 7, 2006, plaintiff properly submitted grievance appeals to the Administrative Review Unit for only two complaints. These complaints involved plaintiff's placement in segregation at the Oklahoma State Reformatory from October 14, 2005, to January 3, 2006. He also exhausted a complaint about being placed in segregation beginning February 1, 2006, until his transfer to the Oklahoma State Penitentiary on March 16, 2006. Plaintiff exhausted his administrative remedies for these claims.

Plaintiff's grievance appeal 05-2519 involved a claim of retaliation. This grievance appeal was rejected and returned to plaintiff because there was no facility head response, no informal action was taken and there was not a specific date listed. Plaintiff's grievance appeal 05-2530 involved plaintiff's placement in segregation at Oklahoma State Reformatory beginning October 14, 2005, and his misconduct of November 1, 2005. This grievance appeal was rejected and returned to plaintiff because it included more than one issue and misconducts must be appealed through DOC OP-060125. Plaintiff's grievance appeal 05-2534 also involved his November 1, 2005, misconduct. This appeal was rejected and returned to plaintiff because no facility head response was attached and misconducts must be appealed through DOC OP-060125. Plaintiff's grievance appeal 05-2575 involved claims of sexual harassment by Officer Dietrich and retaliation. This appeal was rejected and returned to plaintiff because there no facility head response and no informal action.

To exhaust administrative remedies pursuant to DOC's grievance procedure for all claims, a prisoner within DOC's custody is required to properly and timely file for each claim: 1) a request to staff, 2) a grievance to the facility head, and 3) an appeal of the facility head's response to the administrative review authority (or to the medical services administrator for medical issues.)  An inmate has not exhausted his available administrative remedies until he properly and timely files a grievance appeal to the administrative review authority and receives a response from that official.

A plaintiff is required to exhaust each claim prior to bringing litigation.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion.  The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison

3

conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds plaintiff exhausted his administrative remedies regarding 1) his claim regarding placement in segregated housing at Oklahoma State Reformatory beginning October 14, 2005, through January 3, 2006, and 2) his claim regarding placement in segregated housing at Oklahoma State Reformatory beginning February 1, 2006 until his transfer to the Oklahoma State Penitentiary on March 16, 2006. The court finds that plaintiff failed to exhaust his administrative remedies as to all other claims in his complaint. The court dismisses those claims. However, the court will not dismiss plaintiff's entire lawsuit because of the presence of unexhausted claims in the complaint. According to Jones v. Bock, 127 S. Ct. 910 (2207) the Prison Litigation Reform Act does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint.

The court finds the allegations made in plaintiff's complaint should be dismissed pursuant to 42 U.S.C. Sec. 1997e for failure to exhaust his administrative remedies except as to his claims regarding 1) his claim regarding placement in segregated housing at Oklahoma State Reformatory beginning October 14, 2005, and 2) his claim regarding placement in segregated housing at Oklahoma State Reformatory beginning

4

February 1, 2006.  Defendants' motion to dismiss is hereby granted in part and denied in part.

**IT IS SO ORDERED** this 17th day of September, 2007.

*Frank H. Seay*
United States District Judge